# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1192V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| | * | |
| ANNE DOWDLE, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: November 6, 2023 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Lisa A. Roquemore*, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for Petitioner.

*Naseem Kourosh*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### **DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS[1]**

On September 14, 2020, Anne Dowdle filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered from Guillain-Barré Syndrome and/or chronic inflammatory demyelinating polyneuropathy as a result of her receipt of the influenza ("flu") vaccine in October 2017. A two-day Entitlement Hearing took place on January 10-11, 2023. Thereafter, the parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioner compensation. *See* ECF No. 71.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Oct. 3, 2023 (ECF No. 76) ("Mot."). This is Petitioner's sole fees and costs request.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

Petitioner requests a total of $302,193.30 in attorney's fees and costs ($213,900.88 in fees, plus $88,292.42 in costs) for the work of a single attorney, Ms. Lisa Roquemore, and her paralegal from November 2019 through and including October 2023. Mot. at 2. The requested costs also include Petitioner's unreimbursed litigation costs incurred in this matter. *Id.* Respondent reacted to the fees request on October 16, 2023. *See* Response, dated Oct. 16, 2023 (ECF No. 77). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioner did not file a reply.

For the reasons set forth below. I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of $302,193.30.

### I. Calculation of Fees

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 20115 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney, based on the years work was performed:

|  | **2019** | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|---|
| **Lisa Roquemore (Attorney)** | $421.00 | $421.00 | $447.00 | $447.00 | $475.00 |
| **Paralegal** | $139.00 | $139.00 | $139.00 | $139.00 | $139.00 |

Mot. at 8.

Ms. Roquemore practices in Southern California—a jurisdiction that has been deemed "in forum," and thus entitling her to rates commensurate with what was established in *McCulloch*. *See Davis v. Sec'y of Health & Hum. Servs.*, No. 14-978V, 2017 WL 656304, at *2 (Fed. Cl. Spec. MStr. Jan. 23, 2017). The requested rates are also consistent with what has previously been awarded for Ms. Roquemore's time, in accordance with the Office of Special Master's fee schedule.[3] *Lancaster v. Sec'y of Health & Hum. Servs.*, No. 19-1546V, 2023 WL 5798010 (Fed. Cl. Spec. Mstr. July 17, 2023). I thus find no cause to reduce them in this instance.

The total fees requested herein, however, warrant brief comment. They are facially quite large if not also excessive, especially in light of the Program's goal of efficiency and expediency. Thus, counsel began work on the matter ten months before its filing, in November 2019—and in that pre-"live" period billed over 60 hours of work to the matter. *See* Roquemore Firm Invoices, filed as Ex. 2 (ECF No. 76-2) at 1–15. Although some of this time proved well-spent (and certainly aided the claim's processing through "pre-assignment review" in a more expeditious fashion), overall the work devoted to the matter (as my review of the one-hundred page invoice submissions confirms) seems to have been performed with little regard for the magnitude of fees that were being incurred. It is not likely civil attorneys elsewhere would behave in the same manner if a client was responsible for the fees, rather than the more amorphous and abstract "Vaccine Program."

At the same time, I take note of the fact that this case went to trial—and that both sides bore considerable litigation risk. This was not a matter where an unfavorable outcome for the Petitioner could be foreseen, given the nature of the parties' dispute. And in fact the settlement sum obtained to resolve the case was substantial (even though the fees requested still exceed that amount). *See* Judgment, dated June 2, 2023 (ECF No. 73).

I have in prior cases criticized present counsel for overbilling, yet it appears my admonitions remain unheeded. I hope in the future that counsel will do some billing "pruning" before simply submitting a lengthy invoice and then expecting the Program to "pick up the tab."

---

[3] OSM Attorneys' Forum Hourly Rate Fee Scheduling, https://www.uscfc.uscourts.gov/node/2914 (last visited Nov. 6, 2023).

However, *in this case* counsel earned her fees, and therefore I will not reduce the total sum requested despite my reasoned concerns.

**II.     Calculation of Attorney's Costs**

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

The requested costs can be sorted into three different categories—typical litigation costs (including postage, shipping, photocopying, and costs associated with travel related to hearing), expert costs, and Petitioner's unreimbursed litigation costs. The basic litigation costs in this matter total $2,847.05. Mot. at 2; ECF No. 76-4. I have reviewed the requested costs and find them to be reasonable, and Petitioner has provided adequate documentation supporting them.

Next, Petitioner requests a total of $82,442.75 for the work of Scott S. Zamvil, M.D., Ph.D. Mot. at 2; *See generally* ECF No. 76-9. Dr. Zamvil reviewed the relevant medical records, authored two reports, and testified on behalf of Petitioner. He received a retainer of $2,000.00 and submitted an invoice for $81,362.50 (at an hourly rate of $450.00 for 185.25 hours of work), plus $1,080.25 in travel and lodging expenses. ECF No. 76-7 at 3. This rate is also consistent with what he has been awarded in past Program cases. *See, e.g.*, *Lancaster v. Sec'y of Health & Hum. Servs.*, No. 19-1546V, 2023 WL 5798010 (Fed. Cl. Spec. Mstr. July 17, 2023). I otherwise find Dr. Zamvil's work on the matter to be reasonable in light of the case's progression and ultimate success. He is a qualified expert, and his work in this case was mostly helpful to the resolution of Petitioner's claim. I find the amount of time billed to be reasonable as well (although I have similar concerns here about overbilling as I express above with respect to attorney's fees, and thus will scrutinize a comparable bill from Dr. Zamvil even more closely in future cases).

Lastly, are Petitioner's unreimbursed litigation costs. Petitioner requests a total of $3,002.62, including the filing fee, the expert retainer fee, and costs associated with travel related to hearing. Such costs are typical in Program cases, were reasonably incurred in this matter, and are thus eligible for reimbursement.

Accordingly, the total costs to be awarded to Petitioner's counsel is $85,289.80. Petitioner shall receive personal costs in the amount of $3,002.62.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of $302,193.30, reflecting $213,900.88 in attorney's fees and $88,292.42 in costs, in the form of a check made jointly payable to Petitioner and her counsel, Ms. Lisa Roquemore.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.